**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Vladimir SALGADO–BRITO, also known as Pablo Alvarez–Gutierrez, Defendant–Appellant.**

No. 05–40241.
Conference Calendar.

United States Court of Appeals, Fifth Circuit.

Decided Feb. 23, 2006.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

---

Marjorie A. Meyers, Federal Public Defender, Margaret Christina Ling, Assistant Federal Public Defender, Federal Public Defender's Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before GARZA, DENNIS, and PRADO, Circuit Judges.

PER CURIAM: *

Pursuant to a written agreement, Vladimir Salgado–Brito pleaded guilty to illegal reentry after removal from the United States in violation of 8 U.S.C. § 1326(a), (b). He appeals his conviction and sentence of 33 months of imprisonment.

Salgado–Brito argues for the first time on appeal that the "felony" and "aggravated felony" provisions of § 1326(b) are unconstitutional. We need not decide the applicability of the waiver in this case because the issue that Salgado–Brito raises is foreclosed.

Salgado–Brito's constitutional challenge to § 1326(b) is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Salgado–Brito contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez,* 410 F.3d 268, 276 (5th Cir.), *cert. denied,* — U.S. —, 126

S.Ct. 298, 163 L.Ed.2d 260 (2005). Salgado–Brito properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

Accordingly, the conviction and sentence are AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.